UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

In re:

    Elvin Calvache,

             Debtor.

---------------------------------------------------------------------X

CASE NO.: 8-23-72355-ast

CHAPTER: 7

HON JUDGE:
Alan S. Trust

HEARING DATE:
September 21 , 2023 at 10:30 A.M.

## <u>NOTICE OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE,** that upon the application of Truman Capital Advisors, LP as Attorney in Fact for US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (together with any successor or assign, "Movant") the undersigned shall move this Court for an Order pursuant to 11 U.S.C. § 362(d)(4) and § 105(a), for in rem relief from the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor's premises located at 2709 Johnson Place, Baldwin, NY 11510; (ii) granting reasonable attorney and fees and costs; and (iii) for such other and further relief as is just and proper.

This motion shall be heard at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on the 21st day of September, 2023 at 10:30 A.M., or as soon thereafter as counsel may be heard.

EFFECTIVE JULY 10, 2023: Chief Judge Trust is adopting the following procedures for hearings in all matters.

Chief Judge Trust will be conducting hearings by Zoom video, Zoom audio, and in person.

In-person hearings:

Commencing July 10, 2023, Judge Trust will be conducting the following hearings in person:

Status conferences and all motions filed in all chapter 11 cases other than in cases pending under Subchapter V;

Evidentiary hearings in all adversary proceedings and contested matters in all chapters in which live testimony will be taken; and

Any other matters for which Judge Trust deems an in-person hearing will assist in securing the just, speedy, and inexpensive determination of any case or proceeding.

For in-person hearings in chapter 11 cases, a party-in-interest may request to appear by Zoom if they: (a) are not a movant or respondent on the motion being heard; (b) simply to wish to monitor the status conference or motion being heard; or (c) believe that appearing in person will be substantially inconvenient or cause them or their client to incur unnecessary costs or expense.

Any person seeking to appear via Zoom in a chapter 11 case (other than a Subchapter V case) must request permission from the courtroom deputy by email at ast_hearings@nyeb.uscourts.gov at least five (5) business prior to the hearing. Any such request must be copied to the Debtor(s), the United States Trustee, any committee appointed in the case, and any movant or respondent if related to a specific motion being heard. If you do not obtain permission to appear via Zoom at least 48 hours prior to the hearing, you will be required to appear in person.

eCourt Appearances:

All attorneys and unrepresented parties appearing both in person and via Zoom must register with eCourt Appearances at least two (2) business days in advance of the scheduled hearing at: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. For more information on eCourt Appearances, including a tutorial on how to use the program, please see https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

NOTE: Even if you register your appearance via eCourt Appearances and receive a Zoom link, you must still appear in person unless your matter falls within an exception to the In-person appearance requirement above.

If for some reason you are not able to use the eCourt Appearances platform you must email the Courtroom Deputy at: ast_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. Your email must include in the Re: line "I am not able to register using eCourt Appearances." You will then be provided with the dial in/log in information. If you do not have internet access you may call the courtroom deputy with this information.

Please check your audio and video equipment before every Zoom hearing. Please consult your IT personnel if you have any problems logging in for a Zoom Hearing.

For more information, please see https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

PLEASE TAKE FURTHER NOTICE, that answering affidavits, if any, must be served so as to be received not later than seven (7) days before the return date of this motion

Dated: August 28, 2023

Garden City, NY

By: /s/  Dinh Nguyen
Dinh Nguyen, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150

TO:

Elvin Calvache
2709 Johnson Place
Baldwin, NY 11510
*Pro Se Debtor*

Deyla Turcios
2709 Johnson Place
Baldwin, NY 11510
*Non-Filing Co-Debtor*

Kenneth Kirschenbaum
Kirschenbaum & Kirschenbaum
200 Garden City Plaza
Suite 315
Garden City, NY 11530
*Trustee*

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
*U.S. Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:

    Elvin Calvache,

        Debtor.

-------------------------------------------------------------------X

CASE NO.: 8-23-72355-ast

CHAPTER: 7

HON JUDGE:
Alan S. Trust

HEARING DATE:
_September 21_, 2023 at _10:30_ A.M.

## MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY REGARDING REAL PROPERTY

Dinh Nguyen, Esq., an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. Bankruptcy Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

Truman Capital Advisors, LP as Attorney in Fact for US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order pursuant to 11 U.S.C. § 362(d)(4) and § 105(a), for in rem relief from the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor's premises located at 2709 Johnson Place, Baldwin, NY 11510; (ii) granting reasonable attorney and fees and costs; and (iii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.    That on June 30, 2023, Elvin Calvache filed a petition pursuant to Chapter 7 of the Bankruptcy Code, thus staying Movant from proceeding with an Eviction action as to the property located at 2709 Johnson Place, Baldwin, NY 11510.

2.      At the time of the filing of the Bankruptcy petition, and continuing to date, the Debtor, Elvin Calvache, the former obligor/mortgagor Deyla Turcios, are occupants/tenants in the property.

**FACTUAL HISTORY**

3.      The Debtor, Elvin Calvache (the "Debtor") was a borrower under a Note and the Debtor and Deyla Turcios (the "Non-Filing Co-Borrower") were borrowers under a Mortgage held by Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, FSB (the "original lender"), dated July 24, 2007, which mortgage was recorded against the subject property located 2709 Johnson Place, Baldwin, NY 11510, (the "Property") whereby the Debtor promised to repay $480,000.00 to the original lender.  The Mortgage was recorded on August 13, 2007 in the Office of the Nassau County Clerk in Liber M32207 Page 832-854 (the "Mortgage," Note and Mortgage, collectively, the "Loan"). The Loan was ultimately assigned to Movant by an Assignment of Mortgage recorded on July 28, 2017 in the Office of the Nassau County Clerk in Book M Volume 42271 Page 245. Copies of the Note, Mortgage, and Assignments of Mortgage, are attached hereto as **Exhibit A**.

4.       The Debtor and Deyla Turcios defaulted under the terms of the Note and Mortgage, whereby a foreclosure action was commenced and completed in the Supreme Court State of New York, County of Nassau, Index No. 17-000362, that resulted in a Judgment of Foreclosure and Sale (the "JFS") entered on August 31, 2018. The JFS is attached hereto as **Exhibit B.**

5.      On December 20, 2019, a Foreclosure Sale was held in which Movant was the successful bidder, and the property was conveyed to the Movant by Referee's Deed dated December 20, 2019. A copy of the Referee's Deed is attached hereto as **Exhibit C.**

6.      A Ten (10) day Notice to Quit Possession (the "Notice to Quit") was sent to the Debtor and the Occupants dated January 22, 2020. A copy of the Notice to Quit is attached hereto as **Exhibit D.**

7.      After the non-responsiveness to the Notice to Quit by the Debtor and Occupants, an Eviction Proceeding was commenced with regard to the subject premises.

## EVICTION HISTORY

8.      A Notice of Petition Holdover and Petition were filed to commence the eviction proceeding in Nassau County District Court Landlord Tenant Part in support of a Warrant of Eviction against the property pursuant to Real Property Actions and Proceedings Law Section 713(5) to come before the Court on March 13, 2020. A copy of the Holdover Notice of Petition is attached hereto as **Exhibit E**.

9.      At the hearing on March 13, 2020, the attorney on behalf of the Petitioner met with the Debtor and discussed a possible settlement agreement. The Judge granted the Debtor's request to adjourn the hearing. The hearing was adjourned to April 6, 2020.

10.      Following the hearing, New York state suspended all evictions  for a period of time, due to the Covid-19 Pandemic.

11.      The hearing was adjourned to June 17, 2021. At the hearing the Debtor submitted COVID 19 Pandemic Hardship Declaration on behalf of himself and Deyla Turcios. The Court adjourned the matter until to September 3, 2021.

12.      At the hearing on September 3, 2021, the court adjourned the matter to October 20, 2021.

13.      At the hearing on October 20, 2021, the court adjourned the matter to January 19, 2022.

14.    At the hearing on January 19, 2022, a trial date was scheduled for March 21, 2022.

15.    The trial was adjourned to June 13, 2022. However, on June 10, 2022, the Debtor filed an Order to Show Cause. The hearing was adjourned to July 8, 2022 and then November 7, 2022, while the Order to Show Cause was decided on in the Supreme Court.

16.    At the hearing on November 7, 2022, the Debtor failed to appear and the Judge granted the petitioner's request. A Warrant of eviction was issued, stayed to November 21, 2022.

17.   Before the Judgment of Possession and Warrant of Execution could be executed and entered by the court, on November 10, 2022 the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code under case 8-22-73148-ast.  On April 6, 2023, an Order was entered dismissing Debtor's Chapter 7 Bankruptcy for the debtors failure to appear at the 341 meeting . A copy of the Order is attached hereto as **Exhibit E**.

18. A new warrant of execution was signed by the court on May 19, 2023. Prior to any eviction, debtor filed this instant Bankruptcy.

19.   A copy of the E.D.N.Y. worksheet (the "Affidavit") is attached as **Exhibit F**.

20.    Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under 11 U.S.C. §§ 362(a) & 1301(a) be modified and terminated for cause in accordance with 11 U.S.C. §§ 362(d) & 1301(c) to permit Movant to pursue its rights under the Mortgage and applicable law, including, without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

21.    Movant acknowledges that it is not currently a secured creditor of the Debtor due to the completed foreclosure sale of the Property. However, for all the reasons set forth herein,

and pursuant to 11 U.S.C. § 105(a), Movant respectfully requests in rem relief from the automatic stay equivalent to that set forth in 11 U.S.C. § 362(d)(4), or equivalent prospective relief.

20.    Movant respectfully requests reasonable attorney fees in the amount of $350.00 and costs in the amount of $188.00 for the preparation and filing of the instant Motion.

**WHEREFORE**, Movant prays that this Court issue an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(4) granting Movant, its agents, assigns or successors in interest, leave to foreclose the Mortgage secured by the subject Property; granting reasonable attorney fees and costs; and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: Garden City, NY
      August 28, 2023

By: /s/ Dinh Nguyen
Dinh Nguyen, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com